# In the United States Court of Federal Claims

**No. 06-801C**
**(Filed Under Seal: October 2, 2008)**
**(Reissued: October 16, 2008)[1]**

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| IRIS CORPORATION BERHAD and WINSTON WILLIAMS, | * |
| | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant, | * |
| and | * |
| | * |
| FULCRUM IT SERVICES COMPANY and 3M ROCHFORD THOMPSON, LTD., | * |
| | * |
| | * |
| Third-Party Defendants. | * |

**Discovery; RCFC 26, 34; Requisite Specificity of Claim Construction Chart; Claim Limitation; Elements of Accused Device.**

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Stephen N. Weiss, Moses & Singer, LLP, 405 Lexington Avenue, New York, NY, for Plaintiff, IRIS Corporation Berhad. Gregory J. Fleesler, Michael J. Pospis, Amanda J. Schaffer, Moses & Singer, New York, NY, Of Counsel.

Christopher J. Kay, Law Office of Christopher Kay, 3111 W. Dr. M.L. King Jr. Blvd, Suite 100, Tampa, FL, for Plaintiff Winston Williams.

John A. Hudalla, U.S. Department of Justice, 1100 L Street, NW, Washington, DC, for Defendant; Gary l. Hauksen, David M. Ruddy, U.S. Department of Justice, Washington, DC, Of Counsel.

William C. Bergmann, Baker & Hostetler LLP, Washington Square, Suite 1100, 1050 Connecticut Avenue, NW, Washington, DC, for Third Party Defendant, 3M Rochford Thompson, Ltd.; Kenneth J. Sheehan, Bukola Aina, Baker & Hostetler, Washington, DC, Of Counsel.

John J. O'Brien, Cohen Mohr, LLP,1055 Thomas Jefferson Street, NW, Suite 504, Washington, DC, for Third Party Defendant, Fulcrum IT Services Company.

---

[1] This opinion was issued under seal on October 2, 2008. The Court invited the parties to submit proposed redactions by October 10, 2008. No redactions having been received, the Court publishes this opinion in toto.

---

## OPINION AND ORDER GRANTING
## THIRD-PARTY DEFENDANT'S MOTION TO COMPEL[2]

---

**WILLIAMS**, Judge

This matter comes before the Court on Third-Party Defendant 3M Rochford Thompson's ("3MRT") motion to compel Plaintiff Iris Corporation Berhad ("IRIS Malaysia") to produce infringement contentions and financial records. The Government supports 3MRT's motion. Government's Statement Regarding 3MRT's Motion to Compel IRIS to Produce Infringement Contentions & Financial Records ("Gov't Statement") at 1. 3MRT contends that IRIS Malaysia has failed to produce an infringement claim chart which complies with the Court's July 26, 2007 Preliminary Scheduling Order. That order required IRIS Malaysia to identify "[w]here each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality." July 26, 2007 Order, ¶ 2.a.iv. Additionally, 3MRT contends that IRIS Malaysia has failed to respond to four requests for production of documents seeking sales and other financial information relating to IRIS Malaysia's damages claim. IRIS Malaysia contends that the motion is frivolous, pointing to its amended claim chart and asserting that it has already provided all documents responsive to these requests.

The Court concludes that IRIS Malaysia's amended claim chart remains inadequate. As such, the Court again orders IRIS Malaysia to state with particularity which portions or elements of 3MRT's products infringe which portions or limitations of IRIS Malaysia's patent. See July 26, 2007 Order, ¶ 2.a.ii. Plaintiff shall file a final amended claim chart in 60 days and will not be permitted to offer evidence beyond the infringement elements identified in this amended claim chart, absent good cause shown. With respect to the alleged inadequate response to the document request for sales and financial information, the Court accepts Plaintiff's counsel's representation as a member of the bar of this Court that he has produced all responsive documents within his possession or within the possession or control of his client. However, IRIS Malaysia will not be permitted to introduce into evidence or otherwise rely upon any responsive documents in this action which it has not produced to date in response to 3MRT's Requests for Production Nos. 22, 26, 27, 28, or 29, absent good cause shown.

### **Background**[3]

IRIS Malaysia is the assignee of two patents -- U.S. Patent No. 6,041,412 entitled "Apparatus and Method For Providing Access to Secured Data or Area" ("the '412 patent"), which was issued

---

[2] This opinion confirms and explains the oral order granting this motion to compel in part, issued on September 26, 2008.

[3] This background is derived from Plaintiff's amended complaint and the parties' motion papers and should not be construed as findings of fact.

on March 21, 2000, and U.S. Patent No. 6,111,506, entitled "Method of Making an Improved Security Identification Document Including Contactless Communication Insert Unit" ("the '506 patent"), which was issued on August 29, 2000. Am. Compl. ¶¶ 3, 5, 6. The '412 patent relates to, among other things, an apparatus for reading secure electronic passports. Id. ¶¶ 3,5,7. The '506 patent concerns a method for manufacturing a secure identification document that uses a computer chip to store biographic and/or biometric information related to the document holder. Id. ¶¶ 6, 7.

The accused device is an electronic passport reader manufactured by 3MRT for the Government together with an associated personal computer ("PC") procured separately by the Government. The electronic passport reader is 3MRT's model RTE8000. The electronic passport reader and associated PC allow the Government to read passports containing an electronic chip that comply with an International Civil Aeronautical Organization standard. Part of this standard encompasses a method of protecting data transmitted from the chip to the passport reader known as basic access control ("BAC").

The application for the '412 patent was filed on November 14, 1997. 3MRT's Mot. to Compel Pl. to Produce Infringement Contentions & Financial Records ("3MRT Mot."), Ex. A. On June 4, 1999, all of the filed claims with the '412 patent were rejected by the Patent and Trademark Office ("PTO") as being unpatentable in view of the prior art. 3MRT Mot., Ex. C. As a result, the patentee cancelled some claims of the patent and amended others to overcome the rejection. Id. Claim One remained in the patent, but the patentee made amendments to this claim adding limitations in order to overcome the prior art of record. Id. The patent was issued thereafter on March 21, 2000. Id., Ex. A.

## Procedural History

Plaintiff IRIS Malaysia filed suit in this Court on November 29, 2006, alleging that the United States Government installed, used, and manufactured for its use in the United States, secure electronic passport readers that infringe one or more claims of the '412 patent. On January 10, 2007, IRIS Malaysia amended its complaint alleging that Rochford Thompson manufactured the alleged infringing readers. Am. Compl. ¶ 15. On February 20, 2007, the Government filed a Motion to notice an interested third party, Government Micro Resources, Inc. ("GMR"), to appear in this action because GMR was selected to provide the Government with the alleged infringing readers and would be bound to indemnify the Government pursuant to 48 C.F.R. § 52.212-4 for any loss due to patent infringement arising out of GMR's Government contract. The Court granted the Government's motion, and on March 13, 2007, pursuant to 41 U.S.C. § 114, a notice to GMR was issued by the Court.

The Government answered Plaintiff IRIS Malaysia's complaint on March 30, 2007. The Government admits that it has procured and installed electronic travel document readers within the United States that were manufactured by third parties and that it never compensated IRIS Malaysia for the procurement of these electronic passport readers. Gov't Ans. ¶ 14. The Government denies that any passport readers it procured or installed are described or covered by claims 1 through 11 of the '412 patent, and as such, denies that permission or a license from IRIS Malaysia is required to use the passport readers. Id. Further, the Government argues that it has not infringed any valid claim

of the '412 patent, and alternatively, that the '412 patent is invalid pursuant to 35 U.S.C. §102 (anticipation), §103 (obviousness), and/or §112. Id. at ¶¶ 19-20.

GMR, which is currently known as Fulcrum IT Services Company ("Fulcrum"), answered Plaintiff IRIS Malaysia's complaint on June 5, 2007, and admits that GMR sold and delivered 503 passport readers manufactured by Rochford Thompson to the Department of Homeland Security. Fulcrum Ans. ¶ 14. Fulcrum further admits that GMR does not have a license from IRIS Malaysia to use, manufacture, procure and/or practice the inventions described in the IRIS Malaysia patent at issue. Id. However, Fulcrum denies that GMR infringed any claim of the patent at issue and further denies that GMR had any obligation to obtain a license from IRIS Malaysia. Id.

On August 9, 2007, the Court issued a notice to Rochford Thompson[4] concerning this suit. In accordance with Rule 14(c) of the Rules of the United States Court of Federal Claims and the Court's notice, on September 13, 2007, 3MRT answered Plaintiff IRIS Malaysia's Amended Complaint. 3MRT admits that it manufactured the passport readers at issue in this case. 3MRT Ans. ¶ 15. However, 3MRT asserts that it has not infringed any valid claim of the '412 patent. Further, 3MRT raises several affirmative defenses, including that the patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including 35 U.S.C. § 102, § 103, and/or § 112. Id. at Affirmative Defense ¶¶ 1-8.

On July 26, 2007, this Court issued a scheduling order requiring the parties to make certain disclosures. Under paragraph 2.a.iv. of this order, IRIS Malaysia was required to identify "[w]here each element of each infringed claim is found within each apparatus, product, device, process, method act or other instrumentality." Paragraph 2.a.v required IRIS Malaysia to "identify, separately for each claim, each apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim" if it wished "to preserve the right to rely on its own apparatus, product, device, process, method, act or other instrumentality as evidence of commercial success." Finally, paragraph 2.a.iii required IRIS Malaysia to state whether infringement was claimed to be literal or under the doctrine of equivalents. The Court established May 12, 2008, as an extended due date for these disclosures.

Meanwhile, on November 16, 2007, 3MRT served interrogatories and document requests to IRIS Malaysia. 3MRT Mot., Exs. D, F. 3MRT also noticed a Rule 30(b)(6) deposition of appropriate IRIS representatives. 3MRT Mot. at 4-5. In its Interrogatory No. 5, 3MRT sought contentions in the form of a claim chart regarding the bases for IRIS Malaysia's infringement allegations. 3MRT Mot., Ex. D. In Interrogatory No. 12, 3MRT asked IRIS Malaysia to identify commercial embodiments of products practicing the asserted claims. Id. Finally, 3MRT's Request for Production of Documents Nos. 22 and 26-29 sought information related to sales, revenue, costs, and profits associated with any devices that IRIS Malaysia sold that practiced the asserted claims for the patents in suit. Id., Ex. F.

---

[4] Rochford Thompson is known as 3M Rochford Thompson which is referred to as "3MRT" in this opinion and order.

On May 12, 2008, IRIS Malaysia produced its first infringement claim chart. 3MRT Mot. at 5, Ex. G. By letter dated June 3, 2008, counsel for 3MRT complained that IRIS Malaysia's claim chart failed to comply with the Court's July 26, 2007 order and that its expert report failed to comply with Rule 26(a)(2)(B). Id. Ex. H. 3MRT listed elements as examples illustrating where IRIS Malaysia failed to identify the location within the accused device -- "enabling SDM [secure data module]" "interrogatable SDM" "encrypted biometric" and "decryption key." Id. Counsel also complained that IRIS Malaysia failed to produce any documents relating to its damages and did not respond to its Rule 30(b)(6) deposition notice. Id. By letter dated June 12, 2008, counsel for Plaintiff IRIS Malaysia responded that the four claim elements identified by 3MRT were not claim elements. Id., Ex. I.

By letter dated June 30, 2008, IRIS Malaysia clarified that it was not alleging infringement under the doctrine of equivalents and that it did not intend to rely on its own apparatus as evidence of commercial success. Id., Ex. K. On July 11, 2008, after intervention by the Court, IRIS Malaysia produced supplemental interrogatory responses which 3MRT characterized as "an incremental advance over its entirely deficient claims charts." Id. at 7. On July 23, 2008, IRIS Malaysia submitted an amended claim chart incorporating the information previously presented in its supplemental interrogatory responses. Id., Ex. N.

## Discussion

The motion sub judice involves one of several discovery disputes in this patent infringement action and requires the Court to assess the adequacy of Plaintiff's amended claim construction chart.[5] The determination of infringement is a two-step process -- first, a court must construe the claims at issue to correctly determine their scope and second, compare the properly construed claims to the accused device. E.g. Roche Palo Alto LLC v. Apotex, Inc., 531 F.3d 1372, 1377 (Fed. Cir. 2008) (citing In re Gabapentin Patent Litig., 503 F.3d 1254, 1259 (Fed. Cir. 2007)); Cybor Corp. v. FAS Techs. Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc).

Patent claim construction is "'simply a way of elaborating normally terse claim language in order to understand and explain, but not to change, the scope of the claims.'" Terlep v. Brinkmann Corp., 418 F.3d 1379, 1382 (Fed. Cir. 2005) (quoting Embrex, Inc., v. Serv. Eng'g Corp., 216 F.3d 1343, 1347 (Fed. Cir. 2000)). Claim construction requires the Court to discern the meaning of a term in the context of the invention in the field of art. See Curtis Wright Flow Control Corp. v. Velan, Inc., 438 F.3d 1374, 1379 (Fed. Cir. 2006). As the Federal Circuit has recognized, "[c]laim

---

[5] Defendants have also filed a motion to compel IRIS Malaysia to produce documents of three foreign corporations claiming that IRIS Malaysia has the requisite legal control to require such production. Plaintiff has filed a motion for protective order seeking to avoid a Rule 30(b)(6) deposition. Defendants also filed a motion for a more definite statement of Plaintiff's amended complaint which the Court orally granted on September 26, 2008. In order to keep discovery moving, the Court addresses these motions separately. The Claim Construction hearing is scheduled for February 23-24, 2009.

interpretation is not always an exact science, and it is not unusual for parties to offer competing definitions of even the simplest claim language." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1301 (Fed. Cir. 2004).

It is against this backdrop and the Court's particularized scheduling order, unique to patent cases, that the Court addresses the instant discovery dispute. In endeavoring to construe the claims in the patent at issue and resolve the dispute between the parties, a clear understanding of the patentee's claims that are allegedly infringed by the accused device is critical. See Augustine Med., Inc. v. Gaymar Indus., Inc., 181 F.3d 1291, 1297 (Fed. Cir. 1999) ("a correct infringement analysis requires a correct claim interpretation"). It is appropriate to construe the claims at issue with knowledge of the accused device as opposed to considering claim construction issues in the abstract. See Massachusetts Inst. of Tech. v. Abacus Software, 462 F.3d 1344, 1350-51 (Fed. Cir. 2006); (citing Lava Trading, Inc. v. Sonic Trading Mgmt., LLC, 445 F.3d 1348, 1350 (Fed. Cir. 2006)); Exigent Tech., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1310 n.10 (Fed. Cir. 2006) ("it is appropriate for a court to consider the accused device when determining what aspect of the claim should be construed). However, even though "it is convenient for the court to concentrate on those aspects of the claim[s] whose relation to the accused device [are] in dispute," the claim construction process "is independent of the device charged with infringement." Pall Corp. v. Hemasure Inc., 181 F.3d 1305, 1308 (Fed. Cir. 1999).

This Court's scheduling order clearly required IRIS Malaysia to disclose where each element of each infringed claim is found within the accused device. This type of disclosure is typical in patent litigation as its purpose is to put a defendant on notice of all contentions regarding how each claim limitation is allegedly met by the accused device. See e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1362-63 (Fed. Cir. 2006) (explaining that pursuant to the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, a party claiming infringement "must specify each claim of each patent that is allegedly infringed, each product that allegedly infringes, and the location in the product where each element of each asserted claim is found"); Refac Int'l, Ltd. v.Hitachi Ltd., 921 F.2d 1247, 1255 (Fed. Cir. 1990); see generally Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. In Refac, the Federal Circuit examined a similar order to this Court's scheduling order requiring specificity in the claim chart and noted:

> The magistrate's purpose in issuing its order was to require [the party claiming infringement] to establish *with particularity as to each defendant and each product* the basis for its infringement allegations:
>
> > At least one of the defendants reads my order to require you to produce what is called an infringement analysis. Certainly it was the intent of the order, and I think it may be fairly read to require that you tell each of the defendants what of their products and what portions of their products infringe what portions of your patents.

921 F.2d at 1255 (emphasis in original) (quoting transcript of hearing before magistrate judge). The

Federal Circuit held that noncompliance with this discovery order warranted sanctions where a patent holder, among other things, "failed to identify the elements of specific products corresponding with patent claim elements." Id. at 1254-55.

In the instant case, IRIS Malaysia's original infringement claim chart merely made a global, conclusory statement that each claim element was met by the accused device, citing entire user guides and manuals for the RTE8000 reader, requiring Defendants to comb through voluminous pages to identify specific alleged elements. This clearly did not comport with the Court's order. Although IRIS Malaysia amended its claim chart, its latest iteration still fails to identify how each claim limitation is met by the RTE8000 reader and PC. Part of the problem is that IRIS Malaysia has apparently interpreted very narrowly what constitutes "an element" of a claim as the term is used in the Court's scheduling order.

As the parties recognize, the terms "element" and "limitation" have both been used to refer to words in a claim. However, the Federal Circuit has cautioned that it is preferable to use the term "limitation" when referring to claim language and the term "element" when referring to the accused device. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 234 F.3d 558, 564 n.1 (Fed. Cir. 2000) (en banc), vacated on other grounds, 535 U.S. 722 (2002). Under IRIS Malaysia's apparent interpretation, a claim "element" under the Court's scheduling order combines multiple claim limitations. Specifically, in a June 30, 2008 letter to 3MRT's counsel, Plaintiff's counsel represented:

> We maintain that our Claim Chart is fully compliant with ¶ 2(a)(iv) of the Court's July 26, 2007 Preliminary Scheduling Order (the "Order"). The Order requires IRIS to identify "[w]here each element of each infringed claim is found within" the accused apparatus. Claim 1 of the '412 patent claims "[a]n apparatus" that comprises three elements: (1) a "central processing device"; (2) a "first device"; and (3) a "second device". While the "enabling SDM", "interrogatable SDM", "encrypted by a metrics data", [sic] and "decryption key" are limitations of claim 1, they are not components of the claimed apparatus. Accordingly, IRS has complied with the ¶ 2 (a)(iv) of the Order, by specifying where the three components of the claimed apparatus are found within the accused device.

3MRT Mot., Ex. K (internal footnote omitted). Thus, under IRIS Malaysia's reading of the Court's July 26, 2007 order, IRIS Malaysia would only have to disclose its infringement contentions for a subset of all claim limitations. As Defendant recognizes, IRIS Malaysia's interpretation thwarts the purpose of the disclosures required by the Court's order which is to allow Defendants to discover IRIS Malaysia's theories of liability through IRIS Malaysia's provision of infringement contentions. See Gov't Statement at 3; see generally O2 Micro, 467 F.3d at 1365-66 (noting that the local patent rules in the Northern District of California require early notice of infringement and invalidity contentions in order to create certainty as to the parties' legal theories).

## The First Limitation of IRIS Malaysia's Claim

The first limitation of IRIS Malaysia's supplemented infringement claim chart, after the claim preamble, is "a central processing device ('CPD') for controlling the operation of said apparatus." 3MRT Mot., Ex. N at 2.  With respect to this limitation, IRIS Malaysia states "the PC and RTE8000 reader include a central processing unit for controlling the operation of the apparatus" and cites several RTE8000 documents.  Id.  IRIS Malaysia's chart does not clarify where the central processing device is found within the accused device.  IRIS Malaysia contends that its claim chart indicates that the CPD is actually the central processing unit or CPU of the PC and that this is later referenced in page five of its claim chart.  Although IRIS Malaysia endeavored to clarify its claim chart in response to the instant motion, this tactic does not comply with the Court's July 26, 2007 order.  Rather, the purpose of the Court's order was to ensure that the claim chart would facilitate further proceedings in this action, making it imperative that this chart be final and clear on its face and not require additional interpretation and unnecessary cross-referencing.  As such, Plaintiff is ordered to amend its claim chart once again.

## IRIS Malaysia's Second Claim Limitation

This limitation reads: "a first device coupled to said CPD for receiving a first data set of information from an enabling secure data module ('SDM'), said first data set including at least one encryption key."  3MRT Mot., Ex. N at 2.  3MRT contends that IRIS Malaysia has identified this limitation (characterized as an element) in an overly broad fashion.  3MRT contends that "[a]t least four critical claim limitations that IRIS was forced to add to the claim during the prosecution of the patent in suit are found within this 'element' . . . ."  Id. at 10.  Further, 3MRT asserts that IRIS Malaysia failed "to indicate within the eleven cited documents, much less within the cited pages, where each of the four critical claim limitations resides."  Id.  In 3MRT's view, "the defendants are left to guess how the cited references match up with the claim limitations."  Id.

In its response, IRIS Malaysia summarily states that the decryption is stored in the memory of the PC  that constitutes the enabling SDM and that one decryption, K.IFD, is passed from the PC through the USB port (i.e., the first device) and ultimately to the electronic chip in a user's passport.  IRIS Corporation Berhad's Br. in Opp'n to Mot. to Compel ("IRIS' Response") at 5-6.  This description is a step in the right direction, but it is not reflected in the chart and still does not answer where within the cited documents the claim limitations reside.  Again, the claim chart itself is not sufficiently clear.

IRIS Malaysia must identify with particularity which features of the PC and RTE8000 allegedly infringe the '412 patent.  In addition, IRIS Malaysia shall make explicit how each claim limitation is met rather than using parenthetical references buried in the claim chart with long textual descriptions.

## IRIS Malaysia's Third Claim Limitation

This limitation reads: "a second device coupled to said CPD for receiving a second data set

of information from . . . an interrogatable SDM, said second data set including encrypted biometrics data for the holder of said interrogatable SDM." 3MRT Mot., Ex. N at 3.

3MRT asserts that this "element" also "sweeps in" several critical claim limitations. 3MRT Mot. at 11. Specifically, 3MRT posits that because four limitations are combined in this section of the claim chart, Defendants cannot determine where these four limitations -- "a second device", "an interogatable SDM", a "second data set of information", and "encrypted biometrics data" -- are found within the accused device. Furthermore, 3MRT argues that the parenthetical descriptions that IRIS Malaysia uses to identify claim elements within the accused device do not comply with this Court's order.

The Court agrees with 3MRT that IRIS Malaysia's assertions in this claim chart are not sufficiently clear. As such, the Court orders IRIS Malaysia to disclose separately where "a second device," "an interrogatable SDM," "a second data set of information," and "encrypted biometrics data" may be found in the accused device and the documents upon which IRIS Malaysia relies as evidence. Further, for the purpose of clarity, IRIS Malaysia is ordered to make explicit assertions regarding how each claim limitation is met rather than using parentheticals.

## Remaining Claim Limitations

The remaining claim limitations of Claim One are: "wherein said central processing device controls an operation of at least one of said first data receiving device and said second data receiving device; wherein said CPD provides a query to said enabling SDM in order to request an authorization from said enabling SDM to access said second data set of information from said interrogatable SDM; and further wherein said enabling SDM provides said at least one decryption key for decryption of said encrypted biometric data." 3MRT Mot., Ex. N at 5-6. 3MRT again requests that IRIS Malaysia separately identify where the "first device coupled to the CPD," the "enabling secure data module," "second data set of information," "decryption key," "second device," "interrogatable SDM," and "an encrypted biometrics data," are found within the accused device for these "elements" and which documents cited by IRIS in its claim chart match up with these "elements." The Court grants the motion to compel and orders this clarification.

## Financial Documents Relating to IRIS Malaysia's Damages Claim

In Request for Production of Documents Nos. 22 and 26-29, 3MRT requests documents relevant to IRIS Malaysia's damages claim. IRIS Malaysia contends that it has produced all documents within its possession responsive to these requests for production. The Court notes that these requests for production of documents are appropriate discovery mechanisms and that Plaintiff was obligated to respond. Because Plaintiff's counsel has represented as an officer of the Court that his client has complied with these requests, the Court accepts counsel's representations. However, the Court further directs Plaintiff's counsel to comply with Rule 34(b) which states that the "party upon whom the request is served shall serve a written response within 30 days after the service of the request." This response is required to be signed by counsel and should be a formal submission so that there is no confusion as to what documents have been produced. See RCFC 26(g)(2);

Thornton-Trump v. United States, 12 Cl. Ct. 127, 129-30 (1987) (referencing RUSCC 26(g)); 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2052 (2d ed. 1994) ("every request for discovery or response or objection thereto must be signed by at least one attorney of record").

Plaintiff IRIS Malaysia will not be allowed to introduce into evidence any documents responsive to these requests for production which have not been produced as of this date.  Nor may IRIS Malaysia use any such documents for any other purpose in conjunction with this litigation.

## **Conclusion**

1.      3MRT's Motion to Compel is **granted in part**.

2.      Plaintiff shall file its final revised claim chart within **60 days** of the date of this opinion and order.  The Court is aware that Plaintiff IRIS Malaysia's counsel will be engaged in a jury trial in the United States District Court for the District of New Jersey commencing on October 20, 2008.  Should the schedule of that trial change, Plaintiff's counsel shall promptly notify the Court and the other parties to this action so that Plaintiff's time to respond to this order can be modified accordingly.

3.      The parties shall file proposed redactions to this opinion by **October 10, 2008**.


s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**