# In the United States Court of Federal Claims

**No. 06-801C**
**(Filed Under Seal: October 23, 2008)**
**(Reissued: October 30, 2008)[1]**

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
IRIS CORPORATION BERHAD and         *
WINSTON WILLIAMS,                   *
                                    *    RCFC 30(b)(6); RCFC 26(c);
        Plaintiffs,                 *    Motion for Protective Order;
                                    *    Claim Construction; Patent
    v.                              *    Infringement; Good Cause for
                                    *    Issuance of Protective Order;
THE UNITED STATES,                  *    Relevance; Use of Multiple
                                    *    Discovery Vehicles.
        Defendant,                  *
    and                             *
                                    *
FULCRUM IT SERVICES COMPANY and     *
3M ROCHFORD THOMPSON, LTD.,         *
                                    *
        Third-Party Defendants.     *
                                    *
* * * * * * * * * * * * * * * * * * * * * * ** * * * *
```

Stephen N. Weiss, Moses & Singer, LLP, 405 Lexington Avenue, New York, NY, for Plaintiff, IRIS Corporation Berhad. Gregory J. Fleesler, Michael J. Pospis, Amanda J. Schaffer, Moses & Singer, New York, NY, Of Counsel.

Christopher J. Kay, Law Office of Christopher Kay, 3111 W. Dr. M.L. King Jr. Blvd, Suite 100, Tampa, Fl, for Plaintiff Winston Williams.

John A. Hudalla, U.S. Department of Justice, 1100 L Street, NW, Washington, DC, for Defendant; Gary l. Hauksen, David M. Ruddy, U.S. Department of Justice, Washington, DC, Of Counsel.

William C. Bergmann, Baker & Hostetler LLP, Washington Square, Suite 1100, 1050 Connecticut Avenue, NW, Washington, DC, for Third Party Defendant, 3M Rochford Thompson, Ltd.; Kenneth J. Sheehan, Bukola Aina, Baker & Hostetler, Washington, DC, Of Counsel.

---

[1] This opinion was issued under seal on October 23, 2008. The Court invited the parties to submit proposed redactions by October 27, 2008. No redactions having been received, the Court publishes this opinion in toto.

John J. O'Brien, Cohen Mohr, LLP,1055 Thomas Jefferson Street, NW Suite 504 Washington, DC, for Third Party Defendant, Fulcrum IT Services Company.

---

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PRECLUDING 30(b)(6) DEPOSITION TESTIMONY ON CLAIM CONSTRUCTION

---

**WILLIAMS,** Judge

In this patent infringement action, Plaintiff IRIS Corporation Berhad ("IRIS Malaysia" or "IRIS"), alleges that Defendants have infringed certain claims of U.S. Pat. No. 6,041,412 by using secure electronic passport readers which are manufactured and installed in the United States. Currently before the Court is Plaintiff's motion for a protective order seeking to preclude any depositions of Plaintiff's corporate representatives noticed under Rule 30(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Because Plaintiff has failed to demonstrate that Defendants' discovery request is inappropriate, oppressive or unduly burdensome, Plaintiff's motion is denied.

## Background[2]

Plaintiff IRIS Malaysia is the assignee of two patents concerning secure data systems. Am. Compl. ¶¶ 5-7.[3] United States Patent No. 6,041,412 ("'412 patent"), which was issued on March 21, 2000, relates to, among other things, an apparatus for reading secure electronic passports. Id. ¶¶ 3, 7. The other patent assigned to IRIS Malaysia, United States Patent No. 6,111,506 ("'506 patent"), relates to, among other things, a method for manufacturing a secure electronic passport that uses a computer chip to store biographic and/or biometric information related to the passport holder. Id. ¶¶ 6, 7. On November 6, 2001, IRIS Malaysia "executed a License Agreement purporting to make Winston Williams an exclusive licensee of technology embodied in the '506 and '412 patents." IRIS I, 82 Fed. Cl. at 491.[4]

---

[2] This background is derived from the parties' pleadings and the attachments to their motion papers and should not be construed as findings of fact. Additional background can be found in IRIS Corporation Berhad v. United States, 82 Fed. Cl. 488, 490-95 (2008) ("IRIS I").

[3] United States Patent No. 6,041,412 lists TL Technology Research (M) SDN. BHD., Kuala Lumpur Malaysia ("TLTR Malaysia") as the assignee. Am. Compl. ¶ 5. TLTR Malaysia later changed its name to IRIS Corporation Berhad ("IRIS Malaysia"). Id.

[4] Winston Williams was joined to this action as a Party Plaintiff under RCFC 19(a). IRIS I, 82 Fed. Cl. at 499. Plaintiffs filed a third amended complaint on October 6, 2008.

**Procedural History**

Plaintiff IRIS Malaysia filed the instant action on November 29, 2006. IRIS Malaysia alleges that the United States Government infringed one or more claims of the '412 patent when the Government installed, used, and manufactured secure electronic passport readers for use in the United States. Am. Compl. ¶¶ 14-15. IRIS Malaysia claims that neither the Government nor its contractors have a license or any other authorization from IRIS Malaysia to produce, manufacture, and use the alleged infringing readers, and that IRIS Malaysia has not received any compensation from the Government as result of the Government's use and manufacture of the alleged infringing devices. Id. ¶ 14.

Pursuant to a contract awarded by the Department of Homeland Security, Government Micro Resources, Inc. ("GMR") sold and delivered 503 passport readers that allegedly infringe the '412 patent. Fulcrum IT Services Company Ans. ¶ 14; Am. Compl. ¶ 14. GMR is currently known as Fulcrum IT Services Company ("Fulcrum") and is a Third-Party Defendant in this action. These passport readers were manufactured by Third-Party Defendant 3M Rochford Thompson, Ltd. ("3MRT"). 3MRT Ans. ¶ 15.

Over six months ago on April 8, 2008, Third-Party Defendant 3MRT served a Notice of Deposition Pursuant to RCFC 30(b)(6) on Plaintiff IRIS Malaysia. Pl.'s Brief in Supp. of its Mot. For a Protective Order Precluding 30(b)(6) Dep. Test. on Claim Construction ("Pl.'s Mot.") at 1. In that notice, 3MRT informed IRIS Malaysia that it sought testimony relating to 41 subjects listed in Schedule A to the Notice of Deposition. Id.

On August 4, 2008, Plaintiff filed a Motion for Protective Order claiming that "seven (7) witnesses would be needed to prepare for and testify on behalf of the plaintiff corporation about the various topics attached to the Deposition Notice." Id. at 9; Decl. of Stephen N. Weiss (Aug. 1, 2008) at 2-3, ¶ 7. By order dated September 26, 2008, the Court directed Plaintiff IRIS Malaysia to identify the seven witnesses and set forth, for each witness so identified, the matters in the Rule 30(b)(6) Notice on which the witness would testify. On October 10, 2008, two days after the deadline in the Court's order, Plaintiff represented that three of the seven witnesses "are no longer with IRIS Malaysia" and "two of the remaining four employees" can testify. IRIS Corporation's Designation of Rule 30(b)(6) Witnesses. According to the designation, one employee will testify on "all topics relating to sales, marketing, and related commercial matters" and another, on "technical matters." Id.

**Discussion**

Rule 30(b)(6) states that when a public or private corporation is named as a deponent in a notice of deposition, the corporation "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." RCFC 30(b)(6). Plaintiff seeks a protective order completely precluding the 30(b)(6) depositions on the ground that depositions would

be improper, unduly burdensome, and an expensive means of discovery. Pl.'s Mot. at 2. Defendants argue that the motion before the Court is yet another example of Plaintiff IRIS Malaysia's failure to cooperate during the discovery process. Defs.' Joint Opp'n to Pl. IRIS Corp. Berhad's Mot. For a Protective Order Precluding Rule 30(b)(6) Dep. Test. on Claim Construction ("Defs.' Opp'n") at 1.[5]

Pursuant to RCFC 26(b)(2)(C), this Court can place limitations on discovery that would otherwise be permissible if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

RCFC 26(b)(2)(C); A-G Innovations, Inc. v. United States, 82 Fed. Cl. 69, 77-78 (2008). The Court can order a limitation on discovery on its own or a party can request that the Court limit discovery pursuant to RCFC 26(c). Under this rule, the Court can, among other things, order "that the disclosure or discovery not be had[,] . . . that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery[,] . . . or that the scope of the disclosure or discovery be limited to certain matters." RCFC 26(c). Here, Plaintiff requests that the 30(b)(6) depositions not be had. Pl.'s Mot. at 9.

Under RCFC 26(c), a movant for a protective order must establish good cause as to why a protective order should issue. Forest Prods. Nw., Inc. v. United States, 453 F.3d 1355, 1361 (Fed. Cir. 2006). "Good cause requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." Id. (citing Capital Props., Inc. v. United States, 49 Fed. Cl. 607, 611 (2001)). The movant must make a "'particularized factual showing'" that it will suffer harm if the Court does not issue a protective order. A-G Innovations, 82 Fed. Cl. at 78 ("[B]road allegations of harm, unsubstantiated by specific examples, are insufficient to justify issuance of a protective order.") (quoting Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 433 (1991)).

Plaintiff's primary objection to the Rule 30(b)(6) depositions is that the scope of the Notice included many topics unrelated to claim construction. Pl.'s Mot. at 1-3. In proffering this argument, Plaintiff's counsel asserted that he was under the impression that the Court had stayed all discovery

---

[5] The Government has joined 3MRT in its opposition to Plaintiff IRIS Malaysia's motion as it intends to participate in the Rule 30(b)(6) depositions. Defs.' Opp'n at 1 n.2.

not relating to claim construction. Id. at 1.[6]  As stated in an order dated September 18, 2008, this Court did not stay non-claim construction discovery.  As such, there is no basis to issue a protective order to prevent Plaintiff's 30(b)(6) witnesses from being deposed on issues unrelated to claim

---

[6] Plaintiff's counsel claimed in their moving papers that 3MRT's counsel acknowledged that all non-claim construction related discovery had been stayed.  See Pl.'s Mot. at 1.  Nonetheless, Plaintiff's counsel proceeded to elicit non-claim construction testimony during a deposition on the day after filing the instant motion papers, as reflected in the following colloquy:

> Mr. BERGMANN [counsel for 3MRT]:  Before we continue, Mr. Weiss, can I just ask what your view of the scope of discovery is at this point, because I think you said in the motion you filed yesterday that it appeared to be that your position is that the discovery is limited to claim construction issues only, and we've been sitting here taking the deposition and obviously you've been asking about a lot of areas that had nothing to do with claim construction.

> MR. WEISS [counsel for Plaintiff IRIS Malaysia]: This deposition has nothing to do with claim construction.

> MR. BERGMANN: Okay, well, then is it your position then that discovery is not limited to claim construction?

> MR. WEISS: I'm not taking any position at this deposition on anything other than asking the witness who has been scheduled the question that I'm asking.  If you represent him and want to tell him not to answer, fine.  Otherwise, I'm going to continue.

> . . . .

> MR. BERGMANN: It's just that, we're trying to figure out how you can say in the court papers that discovery is limited to claim construction issues only and yet take a deposition the next day that's not limited to claim construction.  It seems to be a basic inconsistency there.  No, you're not -- you're not going to comment on that?

> MR. WEISS: No.

Grasso Dep. at 84-86, August 5, 2008; Defs.' Opp'n, Ex. G.  Plaintiff's counsel's apparent position that non-claim construction discovery was stayed for everyone except him is untenable.  Plaintiff's initial production of an inadequate claim construction chart evidenced a similar attitude toward its discovery obligations, forcing Defendants to move to compel Plaintiff to produce infringement contentions.  The Court orally granted this motion on September 26, 2008, and issued a written opinion under seal on October 2, 2008.

construction.  Given the nature of the allegations here and the parties' continuing contentious discovery disputes, the Court finds that it would be inefficient to eliminate whole categories of discovery from Defendants' Notice at this juncture.  Such a tack would likely lead to further wasteful squabbling and inconvenience witnesses who could be forced to testify more than once.

IRIS Malaysia further argues that even with respect to subjects that arguably relate to claim construction issues, depositions would be an unduly burdensome and expensive discovery method.  Pl.'s Mot. at 2.  Citing Exxon Research and Engineering Company v. United States, 44 Fed. Cl. 597 (1999),  Plaintiff argues that this Court disfavors the use of Rule 30(b)(6) depositions to obtain discovery regarding claim construction in patent infringement actions.  In Exxon, the Court held that discovery concerning claim construction issues was to be conducted using contention interrogatories in lieu of Rule 30(b)(6) depositions, as an initial mechanism.  44 Fed. Cl. at 598.  Importantly, the Exxon Court did not foreclose the possibility of a Rule 30(b)(6) deposition for claim construction purposes, but instead noted that if the defendant was not satisfied with the plaintiff's answers to contention interrogatories, the Court would reconsider the propriety of a Rule 30(b)(6) deposition.  Id. at 602.  Moreover, Exxon is distinguishable because the Court found contention interrogatories to be a superior discovery method because the requested discovery was limited to claim construction and the corporate plaintiff planned on designating an in-house attorney to testify.  Id. at 601-02.  The Exxon Court stated:

> (a) contention interrogatories should be a less expensive method and are a less invasive method of letting the United States learn the required information, (b) claim construction is a difficult issue to summarize for one deponent, and (c) a deposition of an attorney should be avoided until other possible methods for discovery are attempted and found unsuccessful.

Id. at 601.

Unlike Exxon, Defendants here do not endeavor to have a single 30(b)(6) witness or an attorney summarize claim construction, and the information sought by Defendants through Rule 30(b)(6) depositions is not limited exclusively to claim construction issues.  Rather, the Notice seeks testimony regarding:

> IRIS' organizational structure (Subject 1); IRIS' products (Subjects 2-3, 5-7); patent marking under 35 U.S.C. § 287 (Subject 8); damages (Subjects 9, 11-12, 23-33, 40); the patent-in-suit's chain of title (Subject 10); IRIS' awareness of the accused products before filing suit (Subjects 13-14); patent validity (Subjects 4, 15, 22, 37-39, 41); the factual basis for IRIS' infringement contentions (Subject 16); IRIS' decision to file suit against the United States (Subject 17); IRIS' communications regarding this case, the patent-in-suit, and the accused products (Subject 18); IRIS' document retention policies (Subject 34); and IRIS' document productions, discovery responses, and initial disclosures (Subjects 35-36).

Pl.'s Mot. at 9.   Discovery of these topics via 30(b)(6) depositions in lieu of contention interrogatories is clearly appropriate as these topics seek information relevant to all aspects of the litigation.[7]

Even with respect to topics germane to claim construction however, the Court sees no reason to disallow Defendants' requested 30(b)(6) depositions.  In topics 19-21 of the Notice's Schedule A, Defendants seek to address claim construction topics including the preparation and prosecution of the '412 patent, any related U.S. or foreign patent applications claiming the same or similar technology, IRIS' knowledge of any potential prior art to the '412 patent and IRIS' knowledge of any third-party prior use or sale of electronic passports or readers.   It is appropriate for corporate representatives of the patent owner to be asked about IRIS' knowledge of potential prior art and third-party use or sale of electronic passports or readers, as well as preparation and prosecution of the '412 patent or patent applications claiming the same or similar technology.  Securing testimony on these topics, while more expensive than interrogatory responses, is warranted because these two corporate representatives may possess unique knowledge and Defendants are entitled to probe the corporate plaintiff's understanding of these matters.  Further, depositions are a superior discovery vehicle because they permit follow-up and allow Defendants to elicit the views of the patent owner's representatives expressed in their own words.  As the Fifth Circuit recognized in <u>Salter v. Upjohn Company</u>, 593 F.2d 649, 651 (5th Cir. 1979), in general "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."  (citing 4 J. Moore & J. Lucas, <u>Moore's Federal Practice</u> ¶ 26.69 (3d ed. 1976); 8 C. Wright & A. Miller, <u>Federal Practice & Procedure</u> § 2037 (1970); <u>see</u> <u>also</u> <u>United States EEOC v. Caesars Entm't, Inc.</u>, 237 F.R.D. 428, 432 (D. Nev. 2006) ("As a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony.").  There are no extraordinary circumstances at play here that warrant precluding the 30(b)(6) depositions.  Moreover, because these representatives will also be testifying on corporate topics and matters pertinent to this litigation unrelated to claim construction, the Court deems it efficient to elicit all testimony at one time.[8]

---

[7]  There is one exception. The Court concludes that absent a showing of relevance, discovery concerning topic 17 -- why IRIS chose to file suit in the United States -- is not an appropriate subject of inquiry using any discovery vehicle.

The Court rejects Plaintiff's argument that Defendant 3MRT is not entitled to testimony regarding subject 8 because it concerns the marking of IRIS Malaysia's products pursuant to 35 U.S.C. § 287 (2000), and Plaintiff has represented that it did not mark its products. Pl.'s Mot. at 2 n.2.  Defendants are entitled to utilize another discovery vehicle to probe this issue.  RCFC 26(d). Questions concerning patent marking are unlikely to burden Plaintiff and could lead to admissible evidence.

[8]  Whether a Rule 30(b)(6) deposition is superior to contention interrogatories for the purpose of obtaining discovery on claim construction issues depends upon the circumstances of the case. As the <u>Exxon</u> Court recognized: "[w]hether a 30(b)(6) deposition or contention interrogatories are more appropriate is decided on the facts of each case."  <u>Exxon</u>, 44 Fed. Cl. at 601.  Here, the requested areas of inquiry are best probed via depositions.

Plaintiff IRIS Malaysia has failed to make a particularized factual showing that it will be unduly burdened by the requested depositions. Plaintiff's blanket statement that requiring corporate representatives to travel from Malaysia to the United States would be "a waste of time, money, and effort," does not warrant imposition of a protective order. Pl.'s Mot. at 3. Plaintiff, a foreign-based entity, voluntarily chose to avail itself of this Court's process and may not use its foreign status to avoid or limit appropriate discovery. Rule 30(b)(6) depositions, while costly, are a fact of life in corporate litigation. See Exxon, 44 Fed. Cl. at 600 ("'The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of . . . the privilege of being able to use the corporate form to conduct business.'") (quoting United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996)).

Plaintiff IRIS Malaysia's argument that it is entitled to a protective order because it has produced all available evidence in support of its claim construction contentions to Defendants also fails. Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle -- they are entitled to test this assertion in questioning witnesses during depositions. It is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules. RCFC 26(d) (explaining that "[u]nless the court . . . orders otherwise, methods of discovery may be used in any sequence"); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2046 (2d ed. 1994) ("[T]he various discovery devices 'may be utilized independently, simultaneously, or progressively, so long as the requirements of the rule or rules invoked are met.'") (quoting Hawaiian Airlines, Ltd. v. Trans-Pacific Airlines, Ltd., 8 F.R.D. 449, 451 (D. Haw. 1948)). A protective order will not be issued precluding the depositions solely because the testimony may prove repetitive. Evergreen Trading, LLC v. United States, 80 Fed. Cl. 122, 136 (2007).

In sum, Plaintiff IRIS Malaysia has failed to demonstrate good cause as to why a protective order should be issued.

## Conclusion

1. Plaintiff IRIS Malaysia's Motion for a Protective Order Precluding Rule 30(b)(6) Deposition Testimony is **DENIED**.

2. Defendants may question Plaintiff's Rule 30(b)(6) witnesses about all of the topics listed in the Subjects of Examination, Schedule A of Third-Party Defendant 3MRT's Notice of Rule 30(b)(6) Deposition, except topic No. 17.

3. Plaintiff IRIS Malaysia's Designation of Rule 30(b)(6) Witnesses does not comply with the Court's Order of September 26, 2008, as IRIS did not specify the matters on which the witnesses would testify with adequate particularity by designating which numbered paragraphs in the Notice each witness would address. Plaintiff shall file a revised designation specifying each numbered topic which each witness will address by **October 30, 2008**. These Rule 30(b)(6) depositions shall be concluded by **November 19, 2008**.

4.   The parties shall propose redactions to this Opinion by **October 27, 2008.**

5.   In light of this order, the Court will hold a telephonic conference to discuss any revisions to the schedule on **October 30, 2008, at 11:00 a.m. ET.**

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**